### No. 2483
### Second Circuit

---

**ALFRED J. SCHLOSS, DOING BUSINESS AS THE SCHLOSS TAILORING CO. v. T. C. HODGE, DOING BUSINESS AS BELL TAILORING COMPANY**

---

(December 1, 1925, Opinion and Decree)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Pleading—Par. 59.**

Where the plaintiff does not prove that he has authority to stand in judgment an exception filed by the defendant to plaintiff's capacity or authority to stand in judgment should be sustained but the suit should be dismissed as of non-suit.

Appeal from Sixth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Percy Sandel, Judge.

This is a suit on a check. Defendant filed an exception no cause of action which was overruled. There was judgment for plaintiff and defendant appealed.

Judgment reversed and one of non-suit entered.

Hudson, Potts, Bernstein and Sholars, of Monroe, attorneys for plaintiff, appellant.

Davenport and Walker, of     , attorneys for defendant, appellee.

CARVER, J. Plaintiff, Alfred J. Schloss, alleging that he is doing business as the

"Schloss Tailoring Company" brings this suit against T. C. Rhodes, alleged to be doing business as the "Bell Tailoring Company".

Annexed to the petition is a check drawn in favor of "Schloss Tailoring Co." signed "Bell Tailor, By T. C. Rhodes".

The plaintiff claims that the suit is on the check. Defendant claims that it is for goods which the plaintiff alleges in article II of his petition were sold at various times to defendant.

On the case being called for trial, plaintiff introduced the check and protest thereof, the citation and return, and rested his case.

Thereupon the defendant rested his.

The District Judge rendered judgment rejecting the demand of plaintiff, who prosecutes this appeal.

Before answering the suit, defendant filed an exception as follows:

"That petitioner does not disclose his capacity or authority to bring this suit or stand in judgment therein, in that it does not set forth that petitioner is the sole owner of the said Schloss Tailoring Company, or the names of any other parties interested in the said Schloss Tailoring Company."

We think the lower court properly overruled this exception. The petition is in the name of Alfred J. Schloss and starts out by saying that he is doing business as the "Schloss Tailoring Company". He alleges in article II "That your petitioner sold and delivered" goods to the defendant. In article III he alleges "Your petitioner alleges that T. C. Rhodes * * * sent to your petitioner a check" etc. Fairly construed this means, we think, that "Schloss Tailoring Company" is a mere trade name used by Alfred J. Schloss and carries the inference that no one is interested in the business except himself.

The defense on the merits was that the check was given in error; that it was not for the proper amount; that the goods bought by defendant were shipped under consignment to be paid for six months after date of shipment; that the six months had not elapsed; and that the purchase price would not be due before August 6, 1925. The suit was filed May 16, 1925.

If the answer had contained an admission that Schloss was doing business as "Schloss Tailoring Company", we think plaintiff would be entitled to judgment. We interpret the petition not as a suit for the value of the goods for which the check was given but as a suit on the check itself. The petition states in article III that the check was given in payment of the goods. We think this interpretation was also put on the petition by defendant's answer itself, the answer alleging, in article V, "* * * that your respondent is not indebted unto the said Schloss Tailoring Company for the amount of the check as sued for". Considered as a suit on the check, which imports a valuable consideration, we think the filing of the check in evidence would be sufficient proof of the debt if the check were made payable to plaintiff himself. Being made payable, though, to Schloss Tailoring Company and there being no admission by defendant of plaintiff's allegation that that was a mere trade name for Schloss, the case stands thus: Schloss sues on a check payable to Schloss Tailoring Company, and there is no proof by plaintiff or admission by defendant that Schloss and Schloss Tailoring Company are one and the same person in law.

While the allegation in the petition that plaintiff was doing business under the name of Schloss Tailoring Company was sufficient to justify the court in overruling the exception of no cause of action, it did not entitle plaintiff to judgment on a check payable to Schloss Tailoring Company without proof of this allegation.

We think, though, that the court erred in giving final judgment against plaintiff. The judgment should have been one of non-suit.

While the plaintiff did not prove his case neither did defendant prove his defense. After defendant had rested his case, plaintiff offered a witness to prove that defendant was in court at the beginning of the trial but left before plaintiff rested. The judge refused this. If plaintiff had offered to prove that Schloss Tailoring Company was a mere trade name for Alfred J. Schloss we would remand the case for a new trial. But only having offered to prove that defendant was in court during the trial and this if proved not curing the effect in the proof, we think the proper judgment one of non-suit.

It is decreed that the judgment of the lower court be amended by rejecting plaintiff's demand, not finally but only as in case of non-suit, and that as thus amended it be affirmed.